Janice G. Dubler, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8284
janice.dubler@ogletree.com
*Attorneys for Defendant Remington Hotels, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE MARTINEZ,<br><br>               Plaintiff,<br><br>v.<br><br>REMINGTON HOTELS, LLC;<br>SHOWBOAT HOSPITALITY LLC; and<br>JOHN DOES 1-5 AND 6-10,<br><br>               Defendants. | *Civil Action No.* _____<br><br>**NOTICE OF REMOVAL** |

**TO:   CHIEF JUDGE AND JUDGES OF
         THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

    COSTELLO & MAINS, LLC
    Daniel T. Silverman, Esq.
    18000 Horizon Way, Suite 800
    Mount Laurel, NJ 08054

**HONORABLE JUDGES:**

Defendant Remington Hotels, LLC hereby removes this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*, to the United States District Court for the District of New Jersey, and as grounds therefore states as follows:

<b><u>THIS REMOVAL IS FILED TIMELY AND ALL PARTIES CONSENT</u></b>

1. On or about February 8, 2023, Plaintiff Jose Martinez (hereinafter referred to as "Plaintiff") filed a civil action against Defendants Remington Hotels, LLC and Showboat Hospitality LLC in the Superior Court of New Jersey, Atlantic County, Law Division, entitled *Jose Martinez v. Remington Hotels, LLC., et al.*, Docket No.: ATL-L-252-23 (hereinafter referred to as "State Court Action"). A copy of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice are attached hereto as **Exhibit A**. These documents set forth the claims upon which Plaintiff's action is based and constitute all pleadings, process, and other documents served to date in this action.

2. On February 16, 2023, Defendant Remington Hotels, LLC's registered agent was served with Plaintiff's Summons and Complaint.

3. At the time of the filing and removal of this action, Defendant Showboat Hospitality LLC has not been served with the Summons and Complaint. Defendant Showboat Hospitality LLC, as a named defendant who has not been served, is not required to join in the removal at this time. *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985).

4. However, out of an abundance of caution, we have secured the consent of Defendant Showboat Hospitality LLC to the removal of this action. Defendant Showboat Hospitality LLC consents to the removal of this action, while not waiving any rights and defenses, including as to notice or improper service.

5.  Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after first service of the Summons and Complaint upon any defendant pursuant to the Federal Rules of Civil Procedure and all defendants consent to this removal.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6.  This action is properly removable under 28 U.S.C. §1441 and 28 U.S.C. §1446 because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions arising where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between … citizen(s) of different states."

### Complete Diversity of Citizenship Exists Between Plaintiff and the Defendants

**A.   *Plaintiff – New Jersey Citizen***

7.  Plaintiff is a resident and citizen of the State of ***New Jersey***. *See* Pl. Compl. at ¶ 1 (Ex. A.).

**B.   *Remington Hotels, LLC – Delaware Citizen***

8.  Defendant Remington Hotels, LLC is a limited liability company.

9.  For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *GBForefront, L.P. v. Forefront Mgmt. Grp.,* LLC, 888 F.3d 29, 34 (3d Cir. 2018) (holding that "a limited liability company is a citizen of all the states of its members") (citation omitted); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding that the citizenship of partnerships and limited liability companies "must be traced through however many layers of partners or members there may be to determine the citizenship") (internal quotes and citation omitted).

10. Defendant Remington's sole member is Remington Holdings, L.P., a limited partnership. For purposes of diversity jurisdiction, the citizenship of a limited partnership is the citizenship of its partners. *GBForefront, L.P.*, 888 F.3d at 34 (holding that "[a] partnership, as an unincorporated business entity, assumes the citizenship of all its partners").

11. Remington Holdings, L.P. is comprised of two partners: (a) Remington Holdings GP, LLC, a limited liability company; and (b) Ashford Hospitality Services LLC, a limited liability company.

    a. Since Remington Holdings GP, LLC, is a limited liability company, its citizenship is that of its members. *Id*.

        i. The sole member of Remington Holdings GP, LLC is Ashford Hospitality Services LLC, a limited liability company. The citizenship of Ashford Hospitality Services LLC, as a limited liability company, is the citizenship of its members. *Id*.

        ii. The sole member of Ashford Hospitality Services LLC is Ashford Advisors, Inc., which was incorporated in Delaware and has its principal place of business in Delaware. Therefore, Ashford Advisors, Inc. is a citizen of the State of Delaware for the purpose of diversity jurisdiction within the meaning of 28 U.S.C. § 1332(c)(1). *Goralski v. Shared Technologies, Inc.*, No. 09-2461, 2009 WL 2460752, at *3 (D.N.J. Aug. 7, 2009).

    b. As noted in the prior paragraph, Ashford Hospitality Services LLC is a citizen of the state of Delaware and not of New Jersey.

12. Thus, for the purpose of diversity jurisdiction, Defendant Remington Hotels, LLC is not a citizen of New Jersey.[1]  Rather, Defendant Remington Hotels, LLC is and at all relevant times was a citizen of the State of **Delaware**.  *GBForefront, L.P.*, 888 F.3d at 34.[2]

C. *Showboat Hospitality LLC – Pennsylvania Citizen*

13. Defendant Showboat Hospitality LLC is a limited liability company, so again, we look to the citizenship of its members.  *Id*.

14. Defendant Showboat Hospitality LLC has a sole member: Showboat Properties LLC, a limited liability company.

15. Showboat Properties LLC has three members: (a) Showboat Properties HoldCo LLC, (b) Showboat Properties Hospitality HoldCo LLC, and (c) Showboat Properties ACSB HoldCo LLC.  These are all limited liability companies.

    a. Showboat Properties HoldCo LLC's sole member is: Bart Blatstein.  Mr. Blatstein is a resident and citizen of the Commonwealth of Pennsylvania.

    b. Showboat Properties Hospitality HoldCo LLC's sole member is also Mr. Blatstein (Pennsylvania).

    c. Showboat Properties ACSB HoldCo LLC has two members: (i) Bart Blatstein (Pennsylvania); and (ii) PC Events LLC.

---

[1] While not part of the citizenship analysis for a limited liability company, we nonetheless note that Remington Hotels, LLC; Remington Holdings, L.P.; Remington Holdings GP, LLC; Ashford Hospitality Services LLC, and ACSB Hospitality LCC are neither formed under the laws of nor have their principal place of business in New Jersey.

[2] Remington Hotels, LLC's subsidiary that employed Plaintiff, ACSB Hospitality LLC, is also not a citizen of the state of New Jersey.  Again, as a limited liability company, ACSB Hospitality LLC's citizenship is that of its members.  ACSB Hospitality LLC has a sole member: Remington Holdings, L.P.  As discussed above, Remington Holdings, L.P. is a citizen of Delaware.  Accordingly, ACSB Hospitality is also a citizen of **Delaware**.

      d.      PC Events LLC is a limited liability company, whose members are citizens of the Commonwealth of Pennsylvania (and not New Jersey).

16. Thus, for the purpose of diversity jurisdiction, Defendant Showboat Hospitality, LLC is not a citizen of New Jersey. Rather, Defendant Showboat Hospitality LLC is and at all relevant times was a citizen of the Commonwealth of Pennsylvania.[3] *Id.*

### D.    *John Does and Conclusion*

17. All other defendants listed in the captions are "Doe" defendants, who are disregarded for diversity purposes, 28 U.S.C. § 1441(a), and who have not been served with process.

18. Accordingly, this action is one in which none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought and Plaintiff and Defendants are, were at all relevant times, and have been since institution of this action, citizens of different states, so that complete diversity exists as required by 28 U.S.C. §1332 and §1441(b).

---

[3] In any event, the citizenship of Showboat Hospitality, LLC should be disregarded under the doctrine of fraudulent joinder. *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *In re Briscoe*, 448 F.3d 201, 208 (3d Cir. 2006); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) (Joinder is deemed fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant…."). Plaintiff conclusorily alleges in his Complaint that Defendant Showboat Hospitality LLC is a joint employer under the New Jersey LAD. *See* Pl. Compl. at ¶ 6 (Ex. A.). A joint employment relationship exists when "two entities exercise significant control over the same employees." *Plaso v. IJKG, LLC*, 533 F. App'x. 199, 204 (quoting *Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997)). Showboat Hospitality LLC did not employ Plaintiff and had nothing to do with Plaintiff's employer or the hotel operation that employed Plaintiff. *See* Decl. of James Cowen attached hereto as **Exhibit B**. It exercised no control over Plaintiff or his employment. It merely holds the liquor license at a different business in the same building.

**The Amount in Controversy Exceeds $75,000**

19. As explained below, while Defendants deny liability for any such damages, the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interests and costs.

20. In his Complaint, Plaintiff has not pled a specific amount of damages. Instead, he seeks "compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorney's fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just." *See* Pl. Compl. at ¶¶ 28, 38 (Ex. A.).

21. Where, as here, a complaint is silent on the amount in controversy, removal is proper unless it is a legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

22. In this lawsuit, Plaintiff claims that Defendants retaliated against him in violation of the New Jersey Law Against Discrimination ("LAD").

23. Under the LAD, compensatory damages may include back pay, front pay, and emotional distress damages and, as such, the Court must consider each when determining whether the amount in controversy has been met. *See Reiff v. Convergent Techs*, 1995 WL 619944, at *4 (D.N.J. Oct. 20,1995) (holding the court must consider the plaintiff's claim for pain and suffering damages when determining whether the amount in controversy has been meet).

24. As for his alleged lost wage damages (back pay and front pay), Plaintiff's employment was terminated in August 2022. *See* Pl. Compl. at ¶ 5 (Ex. A.). *See Sussman v. Capital One, N.A.*, 2014 WL 5437079, at *4 (D.N.J. Oct. 24, 2014) ("The relevant time period for calculating an award of back pay begins with the date of the alleged wrongful termination and ends

at the time of trial. Similarly, when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct from the date of judgment to retirement.") (citation omitted).

25.   Plaintiff is claiming entitlement to punitive damages. Because punitive damages are also recoverable in certain circumstances under the LAD, such damages must be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 199; *see also Zanger v. Bank of American, N.A.*, 2010 WL 3910142, at *3-*4 (D.N.J. Oct. 1, 2010) (holding that the amount in controversy was satisfied where a claim was only for approximately $16,000 in compensatory damages but punitive damages were also sought); *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 565 (D.N.J. 2009) ("The satisfaction of the amount in controversy requirement is even more likely when taking into account punitive damages sought by plaintiff.").

26.   Additionally, Plaintiff seeks attorneys' fees, which are also recoverable under the LAD, and, therefore, must be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 199; *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.")  As the Third Circuit found, "[f]ees could be as much as thirty percent of the judgment." *Id.*

27.   Accordingly, based on the allegations in the Complaint, the amount in controversy exceeds the sum of $75,000.00 and the jurisdictional amount required by 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

28.   Defendant Remington Hotels, LLC has not previously sought similar relief in this action.

29.   To date, Defendant Remington Hotels, LLC has not filed a responsive pleading in Plaintiff's State Court Action, and no other proceedings have transpired in that action.

30.   In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon Plaintiff and will be promptly filed with the Clerk of the Superior Court of New Jersey.

31.   Defendants expressly reserve all of their rights and defenses in this action.

34.   Defendants further reserve their right to amend this Notice of Removal.

**WHEREFORE**, Defendant Remington Hotels LLC respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Atlantic County, Law Division to the United States District Court for the District of New Jersey.[4]

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys for Defendant
Remington Hotels, LLC*

Date: March 20, 2023         By: */s/ Janice G. Dubler*
                                  Janice G. Dubler

---

[4] Defendant Remington Hotels, LLC reserves all rights to move to compel binding arbitration once the case is removed.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Janice G. Dubler, Esq., counsel for Defendant, certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*/s/ Janice G. Dubler*
Janice G. Dubler

Dated: March 20, 2023